**CHICAGO TITLE & TRUST COMPANY, as Trustee of Trust No. 1089370 and Aaron Israel, as Beneficiary of the Trust, Plaintiffs–Appellees,**

v.

**VERONA SPORTS INCORPORATED and Calvin Klein Sport, Incorporated, Defendants–Appellants.**

**Nos. 93–1105, 93–1326.**

United States Court of Appeals, Seventh Circuit.

Nov. 16, 1993.

Richard S. Reizen and Suzanne M. Ellis, Kubasiak, Cremieux & Fylstra, Chicago, IL, for plaintiffs-appellees.

Leslie D. Locke, Amy B. Manning, Ross & Hardies, Chicago, IL, and Leslie G. Fagen and John F. O'Sullivan, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants-appellants.

Before COFFEY, RIPPLE, Circuit Judges, and GIBSON, Senior Circuit Judge.*

The parties filed, just prior to oral argument on November 10, 1993, a "STIPULATION OF DISMISSAL WITH PREJUDICE." Therefore,

IT IS ORDERED that these appeals are DISMISSED WITH PREJUDICE.

RIPPLE, Circuit Judge.

This case was set for hearing before the court on November 10, 1993. Forty minutes was allowed for the presentation of oral argument, a generous allocation under contemporary standards. Some forty-eight hours before the scheduled hearing, the court had been informed that settlement negotiations were taking place. It was clear, however, that the success of those negotiations was speculative.[1] Upon arrival in the robing room, several minutes before the commencement of the day's hearings, the judges assigned to the panel were informed by the Clerk that the case had been settled.

A voluntary settlement of private civil litigation is a welcome event, and, despite its arrival at the very hour of oral argument, will still, in the long run, save the court, and therefore the people of the United States, from the significant expenditure of judicial resources that otherwise would have been devoted to post-argument study of this case and to the preparation of an opinion. Indeed, in this particular case, this eleventh-hour settlement of the case may represent the best efforts of the parties and of counsel. Nevertheless, this event ought not pass without all of us who are engaged in the administration of justice—both bench and bar—noting that, when settlement is deferred to the last minute, significant costs are incurred that would have been avoided if the case had been settled at an earlier stage in its gestation. The judges of this court give extensive study and evaluation to the cases in advance of oral argument. That work requires a great expenditure of judicial energy and resources. That expenditure, it always should be remembered, has a very real dollars and cents cost to the people of the United States and a very real delay cost to other litigants who have a right to the thorough and expeditious adjudication of their disputes.

---

* The Honorable Floyd R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, is sitting by designation.

1. The court had been informed that there was the possibility of settlement on the morning of November 8, forty-eight hours before the scheduled hearing. Later that day, the court was informed that no settlement had been reached. Apparently, on November 9, the Clerk's Office was informed that settlement negotiations were continuing to take place.

In the appellate stage of litigation, consideration of settlement ought to begin not when oral argument and judgment become a proximate reality but when the decision to take the appeal is made. At that point, counsel ought to advise the client of the realistic chances that the judgment of the district court will be altered on appeal. This appraisal ought to include an objective analysis of the basis of the district court's decision and of the standard of review that can be expected to be applied in the appellate court. If the party's quarrel with the decision of the district court is limited to factual findings, for instance, the well-established differences in the roles of the trial and appellate tribunal ought to be considered. After the exchange of briefs, the parties ought to assess again the possibility of settlement on the basis of a dispassionate review of the arguments presented to the appellate court. Counsel, as an officer of the court, has a special responsibility to avoid needless expenditure of judicial resources by addressing the issue of settlement, when appropriate, at a point in the preparation of the appeal that does not place needless strain upon the court.

Again, I emphasize that I make no judgment about the efforts of counsel or of the parties in this case. I do not know the reasons for the late settlement; there may indeed be good and sufficient reasons. I do know that a significant amount of time was spent on this case that more profitably could have been spent resolving the disputes of other litigants. I suggest only that the members of the bar reflect on the impact of delay in achieving settlement on the limited resources afforded to this court. If we are to continue to manage our caseload, we shall need, more than ever before, the continued good-will and cooperation of the bar.